UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

MARY ELLEN THERIAULT,                    )
                                         )
            Plaintiff                    )
                                         )
v.                                       )        1:14-cv-00309-JCN
                                         )
CAROLYN W. COLVIN, Acting Commissioner   )
of Social Security,                      )
                                         )
            Defendant                    )

## MEMORANDUM OF DECISION[1]

In this action, Plaintiff Mary Ellen Theriault seeks judicial review of the administrative

denial of her application for disability insurance benefits under Title II of the Social Security Act.

Defendant Social Security Administration Acting Commissioner found that Plaintiff has severe

impairments, but retains the functional capacity to perform substantial gainful activity through her

December 31, 2006, date last insured.   Defendant, therefore, denied Plaintiff's request for

disability benefits.

As explained below, following a review of the record and after consideration of the parties'

written and oral arguments, the Court remands the matter for further proceedings.

### THE ADMINISTRATIVE FINDINGS

The Commissioner's final decision is the April 4, 2014, decision of the Administrative Law

Judge (ALJ).[2]   The ALJ's decision (ECF No. 10-9) tracks the familiar five-step sequential

---

[1] The parties have filed a consent authorizing the undersigned to conduct any and all proceedings and enter a final order and judgment in this matter.

[2] The Appeals Council found that Plaintiff failed to raise timely exceptions to the ALJ's decision.  (PageID # 374, 378.)

evaluation process for analyzing social security disability claims, 20 C.F.R. § 404.1520. Defendant previously requested and obtained a voluntary remand of this matter to permit the ALJ to evaluate further Plaintiff's obesity in accordance with Social Security Ruling 02-1p.[3]

The ALJ found that Plaintiff has severe, but non-listing level impairments consisting of obesity, peripheral vascular disease with bilateral lower extremity claudication, and mild degenerative disk disease. The ALJ assessed Plaintiff's residual functional capacity (RFC) and determined that she retained the capacity for sedentary work as defined in 20 C.F.R. § 404.1567(a), subject to a two-hour limitation on standing and walking, a six-hour limitation on sitting, occasional postural limitations, and certain upper and lower extremity push/pull restrictions.

The ALJ concluded that the RFC does not permit Plaintiff to return to her past relevant work. The ALJ, however, found that someone with Plaintiff's RFC and vocational profile (younger individual with a high school education) could perform other work. In reaching this conclusion, the ALJ relied on Medical-Vocational Guideline 201.21 and vocational expert testimony that the RFC would not significantly erode the unskilled sedentary occupational base. The ALJ, therefore, determined that Plaintiff was not disabled.

## DISCUSSION

Plaintiff argues that the ALJ erred because he failed to account for the full degree of limitation caused by Plaintiff's vascular disease and related claudication. More specifically, Plaintiff argues (1) that the ALJ should have given great weight to the RFC opinion provided by long-term treating source Cathal Kavanaugh, D.O., and (2) that the ALJ relied on raw medical data by independently evaluating the significance of certain statements offered by Dr. Kavanaugh regarding the impact of smoking on Plaintiff's symptoms after her date last insured.

---

[3] Plaintiff's current Statement of Errors does not include an argument regarding the sufficiency of the ALJ's consideration of obesity.

**A. Standard of Review**

The Court must affirm the administrative decision provided that the ALJ applied the correct legal standards and that the decision is supported by substantial evidence, even if the record contains evidence capable of supporting an alternative outcome. *Manso-Pizarro v. Sec'y of HHS*, 76 F.3d 15, 16 (1st Cir. 1996) (per curiam); *Rodriguez Pagan v. Sec'y of HHS*, 819 F.2d 1, 3 (1st Cir. 1987). Substantial evidence is evidence that a reasonable mind might accept as adequate to support a finding. *Richardson v. Perales,* 402 U.S. 389, 401 (1971); *Rodriguez v. Sec'y of HHS*, 647 F.2d 218, 222 (1st Cir. 1981). "The ALJ's findings of fact are conclusive when supported by substantial evidence, but they are not conclusive when derived by ignoring evidence, misapplying the law, or judging matters entrusted to experts." *Nguyen v. Chater*, 172 F.3d 31, 35 (1st Cir. 1999).

**B. Analysis**

Plaintiff challenges the ALJ's failure to impose greater restrictions based on Plaintiff's vascular disease. The ALJ reviewed the medical records related to Plaintiff's vascular disease and the expert opinion evidence of record offered by Dr. Kavanaugh (Exhs. 13F & 19F) and the state agency consulting physician, Donald Trumbull, M.D. (Exh. 11F). The ALJ's RFC finding differs from the physicians' assessments. Although an ALJ is permitted to make RFC findings that are not specifically endorsed by an expert (e.g., the ALJ gives the claimant the "benefit of the doubt"), the record must contain reliable opinion evidence that would support an RFC finding that is equal to or greater than the ALJ's finding. *Pierce v. Astrue*, No. 1:10-CV-242-JAW, 2011 WL 2678919, at *6 (D. Me. July 7, 2011) *report and recommendation adopted over objection,* 2011 WL 3270251 (July 29, 2011) (discussing "benefit of the doubt" findings).

Here, Dr. Trumbull's opinion does not support the ALJ's finding because the Defendant

has acknowledged that Dr. Trumbull never reviewed any records regarding one of Plaintiff's impairments. (Def.'s Response at 9 n.6: "Dr. Trumbull, did not consider any evidence of Plaintiff's claudication/peripheral vascular disease as he reviewed only limited medical evidence dating from 2002 to 2004.")[4] The ALJ afforded Dr. Trumbull's opinion "little weight," and attributed "no weight" to the treating physician's opinion because he found Dr. Kavanaugh's reasoning unpersuasive or insufficient.

Assuming, *arguendo*, that the ALJ articulated sound reasons for refusing to adopt Dr. Kavanaugh's opinion, the record nevertheless lacks an expert opinion that supports the ALJ's RFC finding. The record reflects that no expert has fully assessed the relevant medical records and determined that as of her date last insured, Plaintiff had capacity equal to or greater than the capacity assessed by the ALJ.[5] In the absence of such an opinion to support the ALJ's RFC finding, the ALJ effectively judged matters entrusted to experts[6] and, consequently, the vocational expert's testimony regarding the impact of the RFC on the sedentary occupational base is insufficient to satisfy Defendant's burden at step 5 of the sequential evaluation process. *Rosado v. Sec'y of Health & Human Servs.*, 807 F.2d 292, 293–294 (1st Cir. 1986).

---

[4] In 2009, Richard T. Chamberlin, M.D., addressing Plaintiff's physical RFC (Exh. 5F), opined that the record contained insufficient evidence to assess any limitations as of the date last insured, December 31, 2006. However, his review was also limited to records developed through 2004. (PageID # 262.)

[5] Defendant argues that the ALJ's finding is actually supported by Dr. Kavanaugh's opinion. The Court finds this argument unpersuasive in part based on the fact that the ALJ gave Dr. Kavanaugh's opinion no weight. The Court generally should limit its review to the decision actually made and not an alternative decision first proposed in the context of judicial review. *Vining v. Astrue*, 720 F. Supp. 2d 126, 128 (D. Me. 2010).

[6] *See*, *e.g.*, *Henick v. Astrue*, No. 2:11-cv-147-NT, 2012 WL 283475, at *5 (D. Me. Jan. 30, 2012) *report and recommendation adopted without objection* (Mar. 28, 2012) ("The partial rejection of the Fels opinion on the bases provided, in the absence of any record support in the form of a medical expert's RFC opinion, exceeded the bounds of the administrative law judge's expertise, constituting an impermissible interpretation of the plaintiff's RFC based on the raw medical evidence."). In this case the Court does not consider the inferences in question to be subject to common-sense evaluation. *See Gordils v. Sec'y of HHS*, 921 F.2d 327, 329 (1st Cir. 1990).

## CONCLUSION

Based on the foregoing analysis, the Court remands the matter for further proceedings regarding Plaintiff's RFC and the jobs available in the economy.


/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 17th day of March, 2015.